RUTH SIEGEL, Respondent, *v.* SAMUEL W. SIEGEL, Appellant.

First Department, June 30, 1959.

*Samuel Sumner Goldberg* of counsel (*Irving Hatterer* with him on the brief; *Goldberg & Hatterer,* attorneys), for appellant.

*Henry Shuman* for respondent.

*Per Curiam.* This is an appeal from an order which confirms the report of the Referee, punishes the defendant for contempt, and denies a cross motion for a reduction of alimony. The record amply justifies the confirmation of the Referee's report and the denial of the defendant's cross motion for a reduction of the alimony award.

The proceedings were initiated by an order to show cause seeking to punish the defendant for his failure to pay alimony for five weeks at the rate of $100 per week, pursuant to a decree of separation entered on June 15, 1955. During a period of approximately three years after the entry of the judgment, the plaintiff was compelled to make seven prior applications to obtain the defendant's compliance with the orders and decree of the Supreme Court. The instant proceeding is her eighth effort to enforce the judgment.

We condemn the practice of noncompliance with decrees and orders in matrimonial matters, which is resorted to for the sole purpose of agitating dormant discord and compels repeated recourse to the courts to enforce alimony payments.

The defendant's cross motion for a reduction of alimony required a reference, and the ensuing hearings caused further delay in alimony payments. Consequently, when the Referee's report rejecting a reduction in the alimony award was confirmed, the defendant was $4,950 in arrears, instead of the $500 due at the time the application to punish him for contempt was made. Special Term, in a commendable effort to terminate the litigation, so vexatious to the plaintiff, caused an order to be entered imposing a fine for the entire sum in arrears.

The defendant is within his rights in opposing the order so entered. The Civil Practice Act (§ 1172) does not authorize punishment for contempt for a failure to pay alimony which accrues after the date of application for such relief. It follows, therefore, that payments due subsequently to the issuance of the order to show cause may not be included in the arrears for which the defendant may be held in contempt.

Under the circumstances, the order must be modified. The modification is, of course, without prejudice to a new application to punish the defendant for his failure to make the payments accruing since the date of the application that terminated in the order from which this appeal is taken. Should the defendant fail to comply with the separation decree within a reasonable time, a new order to show cause to punish him for contempt for the accumulated arrears may issue, and it may include a request for additional counsel fees.

The fifth ordering paragraph of the order, dated April 21, 1959, should be modified on the facts and the law, to delete " the sum of $4,950.00 " and substitute " the sum of $500.00 " therefor, and as modified be otherwise affirmed, with costs to respondent.

BREITEL, J. P., RABIN, M. M. FRANK, McNALLY and STEVENS, JJ., concur.

Order unanimously modified on the law and on the facts, to delete " the sum of $4,950.00 " and substitute " the sum of $500.00 " therefor in the fifth decretal paragraph thereof, and, as so modified, affirmed with $10 costs and disbursements to the respondent, without prejudice, however, to a new application to punish the defendant for his failure to make the payments accruing since the date of the application that terminated in the order appealed from.